UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MS. JANELLE (MARY) WILLIAMS,

      Plaintiff,

                                        Case No. 1:24-cv-625

  v.

                                        JUDGE DOUGLAS R. COLE

EXCEL DEVELOPMENT CO., INC.,      Magistrate Judge Litkovitz

      Defendant.

## ORDER

      This cause comes before the Court on Magistrate Judge Litkovitz's November 26, 2024, Report and Recommendation (R&R, Doc. 4). The Magistrate Judge recommends that the Court dismiss Plaintiff Janelle (Mary) Williams' Complaint (Doc. 3) with prejudice as to any federal claims and without prejudice as to any state-law claims. For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court largely **ADOPTS** the R&R (Doc. 4) and **DISMISSES** Williams' Complaint (Doc. 3), but it does so **WITHOUT PREJUDICE** as to both the federal and state-law claims.

      Williams, proceeding pro se and in forma pauperis (IFP), alleges that on May 26, 2024, someone she describes as Mr. William Simms' daughter informed Williams that "[s]omeone's things [were] scattered in the basement" of what the Court presumes to be Williams' apartment building—she doesn't specify where the basement was located. (Doc. 3, #21). Although Williams had a lock on her storage unit, she visited the basement to investigate anyway. (*Id.*). Once there, she discovered

her belongings scattered on the basement floor, and also that her storage unit "was broken into." (*Id.*). Mr. Simms—whom the Court takes to be the apartment building owner or manager (again, Williams doesn't specify)—apparently told Williams that "nobody [] st[ole] [any]thing." (*Id.*). That upset Williams because, according to her, "property owners are required by law to keep their property safe." (*Id.*). So she sued Excel Development Co., Inc. (Excel Development), raising a "premises liability claim" and a "personal liability claim." (*Id.* at #20–21). She seeks an unspecified amount of money damages to "pay for any harm that [she] suffered," as well as punitive damages for gross negligence. (*Id.* at #22).

Under General Order Cin. 22-02, the Court referred the matter to a Magistrate Judge. Because Williams sought IFP status, the Magistrate Judge screened Williams' Complaint under 28 U.S.C. § 1915(e)(2). Based on that review, she determined that the Complaint failed to state a claim over which the Court has subject-matter jurisdiction. (Doc. 4, #26). Specifically, the R&R construed the Complaint as alleging negligence claims against Excel Development under Ohio law. (*Id.* at #25). Although federal courts can hear state-law claims that fall within diversity jurisdiction, *see* 28 U.S.C. § 1332, that statute requires complete diversity among the parties and an amount in controversy exceeding $75,000. The R&R found deficiencies on both fronts. (*Id.* at #26). It noted that the Complaint alleges that Williams and Excel Development are both Ohio citizens, which destroys complete diversity. (*Id.*). And it further found that Williams failed to allege the jurisdictional amount in controversy. (*Id.*). As for federal question jurisdiction, *see* 28 U.S.C. § 1331, the Magistrate Judge could not

2

discern a federal cause of action. (Doc. 4, #26). Accordingly, she recommended dismissing the Complaint for lack of subject-matter jurisdiction. (*Id.*).

The Court begins its analysis by noting that the R&R advised the parties that failure to object to its conclusions within fourteen days may result in forfeiture of certain rights, including the right to de novo review by this Court. *(Id.* at #28); *see Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[F]ail[ure] to file an objection to the magistrate judge's R & R ... [constitutes a] forfeiture." (emphasis omitted)). That fourteen-day period ended on December 10, 2024, and no party objected to the R&R by that date. True, on December 9, 2024, Williams filed a document that she titled "A Pro Se Civil Complaint." (Doc. 5, #29). But that one-page filing merely reiterated Williams' belief that Excel Development "violated a state statute," creating a harm that "needs to be addressed [by] the U.S. District Court." (*Id.*). The filing did not even mention the R&R, let alone object to any part of it. That doesn't cut it. To constitute a valid objection, a party must point to specific alleged defects in the R&R. *See* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations." (emphasis added)); *Frazier v. Woods*, No. 20-1325, 2020 WL 9263004, at *3 (6th Cir. Nov. 10, 2020) ("By failing to *specifically object* to the [R&R], a party waives further review of his claims by the district court[.]"

3

(emphasis added)). Measured against that standard, Williams' filing—even generously construed—falls well short.

Despite the lack of objection, however, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). In line with that command, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). Even when construing the Complaint liberally, the Court agrees with the R&R that subject-matter jurisdiction is lacking.

Article III courts are courts of limited jurisdiction. *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016). The only two potentially applicable bases for subject-matter jurisdiction here are diversity, *see* 28 U.S.C. § 1332, or federal question, *see* 28 U.S.C. § 1331. As noted above, the former requires complete diversity between the parties and an amount in controversy north of $75,000. Like the Magistrate Judge reported, both are deficient here. And as for the latter, the Court likewise agrees with the Magistrate Judge that Williams' Complaint raises no discernable federal claim.[1]

---

[1] In the Complaint, Williams indicated that this Court has subject-matter jurisdiction under 28 U.S.C. § 1343(3). (Doc. 3, #20). That statute provides the Court jurisdiction over civil rights lawsuits in which a defendant, acting under the color of state law, allegedly deprived the plaintiff of a right secured by the Constitution or federal law. 28 U.S.C. § 1343(a)(3). Williams' problem is that she alleges no facts indicating that Excel Development was acting under the color of state law when it allegedly failed to protect her property. And more than that, the Court is unsure how a "personal liability," "premises liability," or negligence claim amounts to a violation of Williams' constitutional or civil rights.

4

One additional note. The statute that authorizes the Magistrate Judge to sua sponte screen IPF proceedings, 28 U.S.C. § 1915(e)(2), does not expressly reference screening for subject-matter jurisdiction. But, as it turns out, that matters little. For starters, as the Court has previously explained, the weight of the case law suggests that "that § 1915(e)(2)'s screening function includes the ability to screen for lack of subject matter jurisdiction." *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) (collecting cases). Beyond that, though, "federal courts have an ongoing 'duty to consider their subject matter jurisdiction ... and may raise the issue sua sponte.'" *Id.* (quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)). So even if § 1915(e)(2) did not cover screening for subject-matter jurisdiction, the result would be the same—the Court would have an obligation to consider its own jurisdiction, and based on the lack of it here, dismiss the suit. *See id.*

All that said, the Court parts ways with the R&R in one respect. The R&R recommends dismissal of any federal claims with prejudice. But, because the Complaint fails to raise any substantial federal question, that means the Court is dismissing for lack of subject-matter jurisdiction. *See Morgeson v. Freeman*, No. 1:23-cv-269, 2024 WL 1406105, at *4, 6 (S.D. Ohio Apr. 2, 2024) (dismissing the action because the complaint "raise[d] no substantial federal question for review," which meant that "the Court lack[ed] subject-matter jurisdiction over th[e] dispute"). And dismissals for lack of subject-matter jurisdiction must be without prejudice, absent

5

"rare" circumstances, which are not present here.[2] *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) ("[The Sixth Circuit] has stated on several occasions that dismissal for lack of subject matter jurisdiction should normally be without prejudice."); *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011).

Accordingly, the Court largely **ADOPTS** the R&R (Doc. 4) and **DISMISSES** Williams' Complaint (Doc. 3) **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The Court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thereby **DENYING** Williams leave to appeal IFP. But as a non-prisoner, Williams may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-098, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024). The Court further **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

January 16, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[2] As this Court has observed elsewhere, "while the dismissal is without prejudice, it is preclusive of [Williams'] ability to refile in federal court." *Kelly v. Phifer*, 2022 WL 17037566, *3 n.3 (S.D. Ohio Nov. 17, 2022) (citation omitted).

6