UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MS. JANELLE (MARY) WILLIAMS, | Case No. 1:24-cv-625 |
| | Cole, J. |
| Plaintiff, | Litkovitz, M.J. |
| vs. | |
| EXCEL DEVELOPMENT CO., INC., | REPORT AND RECOMMENDATION TO DENY MOTION TO PROCEED |
| Defendant. | ON APPEAL *IN FORMA PAUPERIS* |

This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915. (Doc. 8).

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a). Good faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous where the appeal lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

On November 26, 2024, the undersigned issued a Report recommending that plaintiff's complaint be dismissed for lack of subject matter jurisdiction. (Doc. 4). The undersigned further recommended that the District Judge certify that any *in forma pauperis* appeal would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). (*Id.*). On January 16, 2025, the District Judge dismissed plaintiff's case without prejudice and certified that any *in forma pauperis* appeal from the Order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). (Doc. 6). Accordingly, plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc. 8) should be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc. 8) be **DENIED**.

2. Plaintiff be advised of the following:

Pursuant to Fed. R. App. P. 24(a)(4), a plaintiff may file, within thirty (30) days after service of any Order adopting the Report and Recommendation, a motion with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). The plaintiff's motion must include a copy of the affidavit filed in the District Court and the District Court's statement of the reasons for denying pauper status on appeal. *Id.*; *see* Fed. R. App. P. 24(a)(5).

The plaintiff is notified that if she does not file a motion within thirty (30) days of receiving notice of the District Court's decision as required by Fed. R. App. P. 24(a)(5), or fails to pay the required filing fee of $505.00 within this same time period, the appeal will be dismissed for want of prosecution. *Callihan*, 178 F.3d at 804. Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless the plaintiff can demonstrate that the plaintiff did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5). *Id*.

Date: 1/24/2025

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MS. JANELLE (MARY) WILLIAMS, | Case No. 1:24-cv-625 |
| | Cole, J. |
| Plaintiff, | Litkovitz, M.J. |
| vs. | |
| EXCEL DEVELOPMENT CO., INC., | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party=s objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3